**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: February 10 2017

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-32007 |
| | ) | |
| Robert L. Kennedy and Deborah R. Kennedy, | ) ) | Chapter 13 |
| | ) | JUDGE MARY ANN WHIPPLE |
| Debtor(s) | ) | |

### ORDER STRIKING PURPORTED NOTICE OF CHANGE OF ADDRESS

On February 9, 2017, the court held a hearing on a document electronically filed by Jefferson Capital Systems, LLC on January 12, 2017. The title of the document is "Notice of Change of Address-Effective April 14, 2016." [Doc. # 71]. The document says that it relates to Claim No. 2 in this case, which was originally filed by RJM Acquisitions, LLC. The stated purpose of the hearing was to determine whether Jefferson Capital Systems, LLC is evading the claim transfer procedures of Rule 3001 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 3001, and the accompanying $25 claim transfer fee under the guise of a notice of change of address.

The Chapter 13 Trustee appeared in person at the hearing. Nobody showed up at the hearing on behalf of either RJM Acquisitons, LLC or Jefferson Capital Systems, LLC.

The court set the hearing by order entered on January 17, 2017. [Doc. # 72]. The hearing order states why the court is setting a hearing on Jefferson Capital Systems, LLC's document. The

Bankruptcy Noticing Center mailed the court's hearing order on January 19, 2017, by first class mail, postage prepaid, to RJM Acquisitions LLC at the updated address it had designated on October 20, 2015, [*See* Doc. # 70]. [Doc. ## 72, 73]. The Bankruptcy Noticing Center e-mailed the court's order to Jefferson Capital Systems, LLC, at the e-mail address it has provided for purposes of notice under 11 U.S.C. § 342(f)(1). [*Id.*]. The court finds that notice of the hearing and its purpose was properly provided to both RJM Acquisitions, LLC and Jefferson Capital Systems, LLC.

As indicated above, Claim No. 2 in this case was filed with the named creditor as Rjm Acquisitions, Llc [sic]. The box on the claim form for "Name and address where notice should be sent" says RJM ACQUISITIONS LLC at 575 Underhill Blvd. Suite 224, Syosset, NY 11791. The box on the claim form for "Name and address where notice should be sent (if different from [notice address])" is blank. The document attached to the claim form is on letterhead that says RJM Acquisitions.

On October 20, 2015, on letterhead captioned RJM ACQUISITIONS LLC, albeit with a mistaken reference to Claim No. 4 in this case, RJM Acquisitions, LLC filed a notice of change of address, advising that its address was changing from 575 Underhill Blvd, Suite 224, Syosset, NY 11791 to P.O. Box 1160, Syosset, NY 11791. [Doc. # 70]. The Clerk accordingly changed the address for RJM Acquisitions, LLC on the case claims register and in the CM/ECF data base for this case.

Instead of being another simple change of address form for the existing creditor, the document filed by Jefferson Capital Systems, LLC reveals itself to the court as a transfer of Claim No. 2 to Jefferson Capital Systems, LLC. Indicia of a transfer of claim include that the cover sheet of the document says nothing about RJM Acquisitions, LLC (in contrast to the actual prior change of address notice at Doc. # 70), and refers to previous payment and notice addresses that bear no similarity to RJM Acquisitions, LLC's payment and notice addresses. The strongest indicia of a transfer of claim appears on the Power of Attorney attached to the cover sheet, which says that Jefferson Capital Systems, LLC is designated by RJM Acquisitons, LLC as it power of attorney "solely for the purpose of effecting the transfer of that certain portfolio of loans or economic interests to said loans sold by the Principal, [RJM Acquisitions, LLC] as Transferor, to Jefferson Capital Systems, LLC, as Transferee pursuant to the Purchase and Sale Agreement dated 27th day of February, 2015...." [Doc. # 71-1, ¶ 4]. "That certain portfolio" appears to include Claim No. 2 in

this case. In the absence of any response to the court's hearing order and an appearance at the February 9, 2017, hearing, the court finds that the document filed by Jefferson Capital Systems, LLC as a purported notice of change of address is instead a transfer of Claim No. 2. [Doc. # 71].

Rule 3001 establishes procedures for accomplishing the transfer of a claim. Specifically, Rule 3001(e)(2) governs "Transfer of Claim Other Than for Security After Proof Filed," which is what happened in this case. Such a transfer is implemented by Director's Form B2100A, titled "Transfer of Claim Other Than For Security." *See* Fed. R. Bankr. P. 9009. Among other material information, Director's Form B2100A includes a declaration under penalties of perjury by the claim Transferee's Agent. Significantly, there is a filing fee of $25 imposed on a claim transfer. 28 U.S.C. § 1930(b); Bankruptcy Court Miscellaneous Fee Schedule, Item No. 20. www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule.

Jefferson Capital Systems, LLC's document does not follow the Rule 3001(e)(2) procedure for "Transfer of Claim Other Than for Security After Proof Filed." The filed document does not contain most of the information specified by Director's Form B2100A. Nor does it include a declaration by the Transferee's [Jefferson Capital Systems, LLC] Agent under the penalties of perjury. And Jefferson Capital Systems, LLC pointedly has not paid the $25 claim transfer fee in connection with its filing.

The information required by Director's Form B2100A is necessary to enable the Clerk to comply efficiently and accurately with her notice duties under Rule 3001(e)(2). Director's Form B2100A eliminates the risks of a clerk misunderstanding what a document really is and making mistakes in setting forth correct claimant identification and notice and payment addresses by having to parse through different parts of the record. The established process is also intended to reduce the potential for fraudulent claims transfers. And there is a filing fee because there is a cost to the bankruptcy system in facilitating the transfer through the applicable notice procedure. Here, the Clerk's failure to give notice of a transfer of claim is excused by Jefferson Capital System's LLC's subversive noncompliance with the applicable form and procedures, which are designed precisely to remove the need for guesswork by clerks and intervention like this by judges in order to facilitate an effective claims process to get the right persons paid timely.

These transgressions might not seem like a big deal with one claim in one case in one court. But it could be a very big deal with many claims in many cases in many courts such that Jefferson Capital Systems, LLC might be construed as concocting an abusive scheme for the

purposeful evasion of payment of fees rightfully due to the bankruptcy courts. And if that is not what it is doing, somebody needed to show up and explain to the court why its conclusions based on the plan language of the filed documents are wrong. For now, however, this court is dealing only with this one filing in this one case.

Jefferson Capital Systems, LLC's filing in this case does not provide the Clerk with the information she needs to undertake her notice obligations under Rule 3001(e)(2). And it hasn't paid the claim transfer fee imposed by the Judicial Conference of the United States to defray the cost of those duties for the benefit of all parties in interest. The court will therefore strike from the record of this case Jefferson Capital Systems, LLC's "Notice of Change of Address-Effective April 14, 2016." [Doc. # 71].[1] Perhaps RJM Acquisitions LLC will have better luck persuading Jefferson Capital Systems, LLC to follow the claim transfer procedures after it has to deal with payments by the Chapter 13 Trustee that it may no longer be entitled to and filings in this case that it no longer needs.

**IT IS THEREFORE ORDERED** that the "Notice of Change of Address-Effective April 14, 2016." [Doc. # 71] filed by Jefferson Capital Systems, LLC is hereby treated as stricken from the record of this case and of no further effect herein for any purpose; and

**IT IS FURTHER ORDERED** that after notice of this order is given to Jefferson Capital Systems, LLC, the Clerk shall remove it from the CM/ECF data base for this case; and

**IT IS FURTHER ORDERED** that the Clerk and the Chapter 13 Trustee are authorized and directed to administer Claim 2-1 pursuant to the information appearing on the original filed claim form as modified by the address change notice at Doc. # 70, dated October 20, 2015, as the allowed claim in this case under 11 U.S.C. § 502 for all purposes, including distribution on the claim by the Chapter 13 Trustee under Debtors' confirmed Chapter 13 plan; and

**IT IS FINALLY ORDERED** that the Clerk is excused from giving notice of transfer of Claim No. 2 from RJM Acquisitions, LLC to Jefferson Capital Systems, LLC and from collecting the $25 claim transfer fee that would otherwise be due.

# # #

---

[1] The court is also troubled by the document's apparent effort to make the change retroactive to April 14, 2016, from its January 12, 2017, filing date.